Orville L. FREEMAN, Secretary of Agriculture, Appellant,

v.

L. B. VANCE and Ford Vance, Partners, doing business as Vance Dairy, Appellees.

No. 18731.

United States Court of Appeals Fifth Circuit.

June 19, 1963.

Neil Brooks, Asst. Gen. Counsel, Dept. of Agriculture, Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., for appellant.

Alfred Moore, Hattiesburg, Miss. (W. E. McIntyre, Jr., Brandon, Miss., John B. Carroll, Syracuse, N. Y., R. Emmett Kerrigan, New Orleans, La., amici curiae), John A. Cardon, Washington, D. C., for appellees.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

This appeal is from a judgment concluding:

"That the amendment to p. 987.16 of Order No. 87, issued by the Secretary of Agriculture and made effective on and after April 1, 1957, insofar as it made milk produced by the person who also operated the plant in which it was processed and from which it was distributed as fluid milk in the marketing area, subject to the pricing, pooling and administrative assessment provisions of the order, was not in accordance with law because it is in conflict with p. 8c(13) (B) of the Act (7 U.S.C. 608c(13) (B)) which provides that no such order shall be applicable to any producer in his capacity as a producer."

In Ideal Farms, Inc. v. Benson, D.C. N.J., 1960, 181 F.Supp. 62, 73, Judge Wortendyke arrived at the opposite conclusion:

"I accept the construction of the word 'purchased' as applied in the Rock Royal case, supra [United States v. Rock Royal Co-Operative, Inc., 1939, 307 U.S. 533, 578–581, 59 S.Ct. 993, 83 L.Ed. 1446], and those decisions which have followed it. I therefore conclude that the provisions of § 927.65 of Order No. 27 are fully in accord with the enabling statute, and that the refusal of the Secretary to exempt the plaintiffs from the obligation to include their own-produced milk in the calculation of their net pool obligations, was in all respects legal and within his statutorily delegated power."

By a divided court the Third Circuit affirmed. Ideal Farms, Inc. v. Benson, 3 Cir., 1961, 288 F.2d 608, 618. The Supreme Court has denied certiorari from that decision, 372 U.S. 965, 83 S.Ct. 1087, 10 L.Ed.2d 128.[1] We agree with the reasoning and conclusion of the Third Circuit.

The judgment of the district court is therefore reversed, and the ruling or decision of the Judicial Officer which sustained the validity of the contested provisions of the order (18 Agr.Dec. 563–570) is upheld as being in accordance with law.

Reversed and rendered.

1. For a discussion of the general scheme of milk regulation, see Lehigh Valley Cooperative Farmers, Inc. v. United States, 1962, 370 U.S. 76, 82 S.Ct. 1168, 8 L.Ed.2d 345.